**UNITED STATES of America to use of R. H. MARLIN, Plaintiff,**

v.

**F. D. RICH COMPANY, Inc., a corporation, American Surety Company of New York, a corporation, Dundee Sash, Deck & Panel Co., a corporation, and Fidelity and Casualty Company of New York, a corporation, Defendants.**

**Civ. A. No. 519.**

United States District Court
N. D. Florida,
Marianna Division.

Dec. 4, 1961.

Cecil G. Costin, Jr., Port St. Joe, Fla., for plaintiff.

Ford L. Thompson, Tallahassee, Fla., Lawrence Gochberg, Stamford, Conn., for defendants.

CARSWELL, District Judge.

Plaintiff brought this action under the provisions of the Miller Act, 40 U.S.C. A. § 270a et seq. to recover rents and cost of removal on certain construction equipment furnished to Dundee Sash, Deck and Panel Company, hereafter called the subcontractor.

Plaintiff seeks recovery against the prime contractor, F. D. Rich Company, Inc., and its surety company, as well as against the subcontractor and its surety.

The pleadings and affidavits show that the plaintiff entered into a rental agreement with the subcontractor wherein the subcontractor was to use plaintiff's crawler crane from August 30, 1960 to September 30, 1960, and was to incur the cost of returning the crane to plaintiff at the place where it was originally procured.

The subcontractor used the crane for the rental period, and subsequently defaulted in his work under the contract.

The equipment lay idle at the construction site from September 30, 1960 until April 20, 1961, at which time plaintiff at his own expense and initiative retrieved the equipment from the construction site.

It is undisputed that plaintiff sent no notices of the subcontractor's default to F. D. Rich Company, Inc., or American Surety Company of New York until May 31, 1961.

The sole question for determination is whether September 30, 1960 or April 20, 1961 was the last day that the equipment was "furnished" within the meaning of the statute.

Plaintiff contends that the agreement which it had with the subcontractor provided that the subcontractor was obligated to return the equipment to its place of origin, and the failure to do so extended the last date that the equipment was "furnished", until the date that the equipment was returned. Since the equipment was not returned until April 20, 1961, the notice which plaintiff sent was timely, in that the notice was sent on May 31, 1961, within the 90 day period provided by the statute.

Defendants contend that the rental agreement provided for one month's rental only; that the equipment was used pursuant to the prime contract for that period; that plaintiff's invoice dated October 19, 1960 which was sent to the subcontractor was evidence that the plaintiff sought only one month's rental. Defendants claim that the agreement to

return the equipment merely constituted a breach of contract, which damages might be recoverable in an action at law, but not under the Miller Act. Defendants therefore claim that the last day that the equipment was "furnished" was September 30, 1960, and the notice of May 31, 1961 was not timely, and recovery barred under the Miller Act.

There is no dispute that the equipment lay idle from September 30, 1960 to April 20, 1961. No benefit accrued to the prime contractor during the time that the equipment was idle. F. D. Rich and the surety had no way of knowing that the equipment was lying idle on the site, nor did they have any way of knowing that the subcontractor was obligated to return the equipment.

Had plaintiff been diligent, he could have apprised Rich or the sureties within the 90 day period, and could have protected his rights under the Miller Act. Plaintiff knew where his equipment was, and did in fact retrieve it after a delay of almost seven months.

While the Miller Act was designed for the purpose of protecting laborers and materialmen to the extent of their labors or materials furnished, the Act places upon these preferred persons an obligation of certain diligence.

The Court holds that the last day that the equipment was "furnished" under the contract was September 30, 1960, and therefore the notice of May 31, 1961 was too late. Plaintiff is barred from recovering pursuant to the provisions of the Miller Act. See United States for Use of Edward E. Morgan Co. v. Maryland Casualty Company, 147 F.2d 423 (5th Cir.).

Plaintiff is not precluded from bringing his action against the subcontractor or its surety in the courts of the State of Florida, but in absence of a showing of diversity of citizenship and jurisdictional amount this court would have no jurisdiction.

Order of dismissal will therefore be entered this date.